IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD STOCKTON, et al,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 1:24-CV-33 |
| **LAUREL HARRY, et al,** | ) |
| **Defendants.** | ) |

**MEMORANDUM ORDER**

This action was received by the Clerk of Court on February 8, 2024. The matter was originally assigned and referred to Chief United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. By Administrative Order 2024-12, this case was later reassigned and referred to Magistrate Judge Maureen P. Kelly.

Plaintiff, Ronald Stockton, a prisoner in the state correctional system, along with other prisoner-Plaintiffs, initiated this civil action. All Plaintiffs are acting pro se and all signed the original complaint. Plaintiffs assert claims of "cruel and unusual punishment, deliberate indifference; failure to protect; violation of America Disabilities Act [sic]; conspiracy to embezzele [sic] funds; conspired to inflict cruel and unusual punishment; conspired to unjustly enrich prison commissary Industries and Charm-Tex; monopoly violations due process and cruel and unusual punishment." ECF No. 1-1, page 2. Plaintiffs' claims arise out of the toothpaste supplied by the DOC to inmates housed in the Restricted Housing Unit. Plaintiffs allege that the

Charm-Tex toothpaste that every inmate receives free of charge is outdated and expired and the caps have been removed. As Defendants to this action, Plaintiffs have named the following: Laurel Harry, Secretary of Corrections; Superintendent R. Irwin; Deputy Superintendent I. Gustafson; Deputy Superintendent M. Blicha; Major Alexander; Major Deal; Lt. J. Walker; Lt. Lowe; C.O. Mowry; Captain Weiland; the Department of Corrections; the unnamed Prison Commissary Industries Director; Joseph Silva of the Bureau of Healthcare Services; Manufacturer of Charm-Tex Toothpaste Director; and Deputy Secretary R. Marsh.

To date, no filing fee has been paid and only Plaintiff Stockton has sought leave to proceed in forma pauperis. ECF No. 1, 5, 9.

By Order dated August 26, 2024, Magistrate Judge Lanzillo directed that Plaintiffs must either prepay the filing fee or each Plaintiff must submit the required paperwork to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. ECF No. 12. The Order further directed that Stockton's motion/s for leave to proceed in forma pauperis would be held in abeyance while the remaining Plaintiffs determine how to proceed. The Order administratively closed the case.

Thereafter, a proposed second amended complaint was lodged. This filing listed Stockton and two other inmates as co-plaintiffs. ECF No. 13. Two months later, Stockton filed a motion (handwritten on toilet paper) requesting that the other plaintiffs be terminated and that he be allowed to proceed alone in this matter. ECF No. 15. That motion remains pending.

On November 16, 2024, Magistrate Judge Kelly issued a Report and Recommendation wherein she recommended that Plaintiff Stockton be prohibited from proceeding in forma pauperis, absent a showing of imminent danger of serious physical injury as set forth in 28 U.S.C. § 1915(g). ECF No. 16. Magistrate Judge Kelly reasoned that Plaintiff has abused the

privilege of proceeding pro se. Her conclusion was based on Stockton's initiation of over twenty new cases in this Court since February 2024, as well as his prior prolific filing activities in the United States District Court for the Middle District as outlined by United States District Judge Jennifer P. Wilson in *Stockton v. McGinley*, C.A. No 22-902. In addition, Plaintiff has a history of similar state court filings that have languished without frivolous dismissal.

In response to the Report and Recommendation, Stockton filed a document that this Court will liberally construe as Objections to the Report and Recommendation. ECF No. 22. "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part— the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under 28 U.S.C. § 636. *See Hill v. Barnacle*, 655 Fed. App'x 142, 148 (3d Cir. 2016) ("District courts are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b). We presume that the District Court engaged in the required de novo review absent some indication to the contrary. There is no such indication here because the District Court noted Hill's objections and stated that it reviewed the record independently.") (internal citation omitted).

The thrust of Plaintiff's argument in his objections is that the Court cannot apply the sanction of section 1915(g) -- that is, requiring a showing of imminent danger of serious physical injury in order to file an *in forma pauperis* complaint -- because Mr. Stockton does not have the

3

"three strikes" contemplated by the rule. Nonetheless, as explained in the Report and Recommendation, the analysis is focused on Plaintiff's privilege to proceed *in forma pauperis*, not on whether Mr. Stockton has the three dismissals described in section 1915(g). The Magistrate Judge followed precedent in recognizing that *in forma pauperis* status is a privilege, not a right, as well as following precedent in denying *in forma pauperis* status for abuse of that privilege.

After *de novo* review of the complaint and documents in the case, together with the Report and Recommendation and Objections thereto, the following order is entered:

AND NOW, this 8th day of January 2025;

IT IS ORDERED that the report and recommendation of Magistrate Judge Kelly, issued on November 26, 2024 [ECF No. 16] is adopted as the opinion of the court.

IT IS FURTHER ORDERED that, henceforth, because of his history of abuse of the privilege of proceeding in forma pauperis, Ronald Stockton shall be prohibited from proceeding in forma pauperis in his filings in this Court absent a showing of imminent danger of serious physical injury, as set forth in 28 U.S.C. § 1915(g).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge