IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD STOCKTON, et al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:24-CV-33 |
| | ) |
| LAUREL HARRY, et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Acting pro se, Plaintiff Ronald Stockton, purportedly along with two other fellow inmates Thomas McCune and Brian Nelson, initiated this action by filing a single motion seeking leave to proceed in forma pauperis on February 8, 2024.

As of August 2024, a proposed amended complaint adding two more individual plaintiffs was received by the Court. ECF No. 11.

By Order dated August 26, 2024, Chief U.S. Magistrate Judge Richard Lanzillo directed that this matter be administratively closed due to deficiencies in the payment of the filing and administrative fees. Judge Lanzillo ordered that Plaintiffs could reopen this case by either (1) prepaying the full filing fee or (2) each of the five named Plaintiffs submitting the required paperwork in compliance with the Federal and Local Rules of Civil Procedure. ECF No. 12.

By Order dated October 8, 2025, all Plaintiffs were directed to either (1) file an amended motion for leave to proceed in forma pauperis showing imminent danger OR (2) pay the full filing fee by October 17, 2025. ECF No. 36. A copy of this Order was mailed to each Plaintiff at his address of record. None of these mailings have been returned to this Court. To date, none of these five individuals have complied with this Order.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case due to failure to prosecute is appropriate. *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) *quoting Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id., quoting Poulis,* 747 F.2d at 868.

Applying the *Poulis* factors to the present matter, this Court will dismiss this matter. The Court ordered all Plaintiffs to pay the filing fee or file an amended motion seeking in forma pauperis status by October 16, 2025.

All plaintiffs are proceeding *pro se* and therefore bears personal responsibility for this failure in the prosecution of the claims. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Alternative sanctions, such as monetary penalties or attorney's fees, are generally inappropriate with parties like these pro se litigants who are incarcerated and who profess to be indigent. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). This Court finds that these two *Poulis* factors weigh in favor of dismissal based on Plaintiffs' failure to prosecute.

The meritoriousness of Plaintiffs' claims is a neutral factor in the *Poulis* analysis. In this case, one of twenty-four cases Plaintiff Stockton has filed in this Court last year, these Plaintiffs bring claims of "excessive force; cruel and unusual punishment; Date Instruction; failure to protect; violation of American Disabilities Act; conspiracy to embezzle funds; etc; conspiracy to inflict cruel and unusual punishment; conspired to unjustly enrich prison

commissary industries, Charm-Tex Inc., and Bob Barker Co. Inc.; monopoly violates due process and anti-trust act." ECF No. 11, Proposed Amended Complaint. The pleading alleges, among others things, that Defendants are aware that certain personal hygiene products such as toothpaste are (1) defective and (2) being sold to inmates rather than being provided free of charge. Plaintiffs have named fifteen Defendants and seek monetary and injunctive relief. Although it is possible that these allegations could state a claim upon which relief could ultimately be granted, the merits of the claims are impossible to determine at this stage of the proceedings (based solely on the pro se complaint) and so this factor is neutral.

The other two *Poulis* factors (the history of dilatoriness and whether the conduct was willful or in bad faith) are also neutral as this case is in its infancy procedurally[1] and there is no basis upon which to make any such findings.

So then, two of the six *Poulis* factors weigh in favor of dismissal, while four of the six are neutral. None of the factors weigh against dismissal. Not all of the six *Poulis* factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Here, the bottom line is that without Plaintiffs' resolution of the filing fee, the case cannot proceed. Accordingly, this case will be dismissed due to the failure of each of these Plaintiffs to prosecute and the Clerk of Court is directed to close this case.

s/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States District Judge

Dated: December 22, 2025

---

[1] This case remains in its infancy procedurally for a variety of reasons, despite being initiated over eighteen months ago.

3